Hersheldon's v. Censor Security, No. 327-02 CnC  (Katz, J., Feb. 12, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                        SUPERIOR COURT
Chittenden County, ss.:                                Docket No. 327-02 CnCv

HERSHELDON'S

v.

CENSOR SECURITY

ENTRY

Plaintiff mall retailer sues the mall security service, alleging that the substantial smoke damage suffered to its inventory was caused by the security guard's failure to notice and deal with the fire in a prompt manner. It appears undisputed that the incident occurred late at night, with the security guard being the only person in the mall at the time.  The fire alarm

sounded about 1 1/2 hours after the guard had last gone past the trash barrel in which the fire was actually located. Although the guard then promptly called the fire department, smoke from the barrel caused a great deal of damage. Plaintiff's claim is that, without other persons having been present, the guard either caused the fire or negligently failed to notice it when he had previously walked past the barrel.

As a tenant in the mall, plaintiff retailer presumably gains a package of services and rights from the mall operator, one of which is security. We will assume, for now, that plaintiff is a third party beneficiary of the mall security contract. We will also assume that defendant security service owed the third-party mall tenants a duty of reasonable care and reasonable attention, in the performance of its contractual duties. That leaves us with the question of what, exactly, defendant did wrong.

Defendant's motion for summary judgment calls into question plaintiff tenant's ability to make out a prima facie case. Poplowski v. Lamphere, 152 Vt. 251, 254–55 (1989) ; State v Blodgett, 163 Vt. 175, 180 (1995); Celotex v. Catrett, 477 U.S. 317, 322 (1986). These cases stand for the proposition that the party not burdened to introduce evidence in the first instance may challenge the burdened party's ability to make out each element necessary to a recoverable claim. Here, that means negligence and causation. Plaintiff responds to this burden as follows:

> When the area of the fire was mopped there was a single, partially burned paper match in the immediate area where the trash container had been. [The guard] was the only person in the building at the time of the fire and had been for at least an hour prior to the fire.

(Pl. Opp'n to Def. Mot. for Summ. J. at 2.)

That's all.

　　　Does this lead to the factual inference that the guard actually started the fire, or merely that he failed to observe an already smoldering situation when he had last walked past it, 1 1/2 hour earlier?  The reader's guess is as good as any.  The record does not permit a finder of fact to conclude that, probably, the match actually started the fire.  Possibly it did, but that is not good enough.  Beyond the fire's speculative "cause and origin," what exactly should the guard have seen or smelled during his earlier trip in its vicinity?  Was it smoldering enough so that, in the exercise of reasonable-guard care, he would have sensed it?  Again, the reader is free to guess.  For such must be the position of any jury which would have to decide this matter.  We cannot presume to know the course of trash barrel fires, so as to reach a fact-grounded inference that this one, 1 1/2 hours earlier, would have been sufficiently active to have aroused the attention of the reasonable security guard.  There is no uniformity to the contents of trash barrels.  Considering the variety of patrons ambling through a mall, the various retailers, the custodial and maintenance workers who could all have passed this trash barrel, we have no idea of whether this fire was spontaneous combustion, and therefore slow, in origin, or had some more rapid course.  Plaintiff's case is wholly founded on speculation.  We would not permit this evidence to go to the jury.  Smith v. Parrott, 2003 Vt. 64 ¶ 6 (noting that party with burden must establish element of causation by a preponderance of evidence).

　　　Although some might hesitate to put it in these exact terms, the Second Circuit has written that summary judgment is that proceeding which "smokes out" the ability of plaintiff to make out a prima facie case, with admissible evidence.  Donnelly v. Guion, 467 F.2d 290, 293 (2d Cir. 1972).

Plaintiff does not have sufficient evidence in this case. The court delayed consideration of this motion to permit deposing of the guard; this has now occurred. No reason has been shown to suggest that plaintiff will develop additional evidence in a case already almost two years old. <u>Gallipo v. City of Rutland</u>, 163 Vt. 83, 86 (1994). Summary judgment for defendant is therefore granted.

      Dated at Burlington, Vermont, _____, 2004.


                                        _____
                                                Judge